# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEITH WOOLLEY, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 18-08553 |
| v. | : | **MEMORANDUM OPINION** |
| HARRAH'S ENTERTAINMENT, INC. & HARRAH'S OPERATING COMPANY, INC. | : : | |
| Defendants. | : | |

1. This matter comes before the Court by way of Defendants' Motion for Summary Judgment [Dkt. No. 32]. The Court has considered the written submissions of the parties as well as the arguments advanced at the hearing on November 5, 2019. For the reasons expressed on the record that day, as well as those set forth below, Defendants' motion is granted.

2. BACKGROUND: This case arises out of an alleged slip and fall at Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Resort Atlantic City ("Harrah's" or "Defendants"). [See Dkt. No. 1 (Compl.)] On or about December 23, 2015, around 6:30 p.m., Plaintiff, Keith Woolley ("Plaintiff"), brought his car to Defendants' valet parking area. (Pl. Dep. 91:2-92:4; 102:2-4). It was "warm" and raining, but "raining not hard." (Id.). After he left his car, Plaintiff began walking towards Harrah's automatic revolving door entrance and he noticed that the ground in the valet area was wet, "[p]retty much everywhere." (Id. at 106:1-12). Plaintiff thinks that he fell, "just went down quick," inside the revolving door as he stepped in. Plaintiff has "[n]o idea" what he may have slipped on, or if he slipped at all. (Id. at 110:2-9; 106:6-19). Following this

1

incident, Plaintiff did not observe the floor in the area where he fell; he felt "dampness" while on the floor but "not much." (Pl. Dep. 115:10-116:4). Plaintiff does not know how long any dampness or wetness was in the area of his accident prior to falling. (Id. at 118:11-14).

On December 7, 2017, Plaintiff filed a Complaint against Defendants, alleging one count of Negligence, which claims Defendants were "negligent in relation to the maintenance in the area of Plaintiff's alleged incident." (Compl. ¶¶ 10-13; Def. SMF ¶ 1). After conducting discovery, Defendants filed a Motion for Summary Judgment seeking dismissal of Plaintiff's Complaint. [Dkt. No. 32]. The Court heard oral argument on that motion at a hearing held on November 5, 2019.

3. <u>Summary Judgment Standard of Review</u>: Federal Rule of Civil Procedure 56(a) generally provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a showing must be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts, however, will fail to preclude the entry of summary judgment. <u>Id.</u>

In evaluating a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, and must provide that party the

benefit of all reasonable inferences. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014). Any such inferences "must flow directly from admissible evidence[,]" because "'an inference based upon [ ] speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment.'" Halsey, 750 F.3d at 287 (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990) (citing Anderson, 477 U.S. at 255)). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

Analysis: To establish a claim for negligence, plaintiff must prove "(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages [.]" Weinberg v. Dinger, 524 A.2d 366, 373 (N.J. 1987). Accordingly, "in any case founded upon negligence, the proofs ultimately must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of the plaintiff's injuries." Brown v. Racquet Club of Bricktown, 471 A.2d 25, 29 (N.J. 1984) (citing Hansen v. Eagle-Picher Lead Co., 84 A.2d 281, 288 (N.J. 1951). The burden of proof resides with the Plaintiff. Hansen v. Eagle Picher Leas Co., 84 A.2d 281, 284 (N.J. 1951).  In this case there is no dispute that Defendants owed a duty of care to plaintiff as an invitee, which "requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Nisivoccia v. Glass Gardens, Inc., 818 A.2d 314, 316 (N.J. 2003) (citing O'Shea v. K. Mart Corp., 701 A.2d 475 (N.J. App. Div. 1997)).

Here, Plaintiff fails to establish any genuine factual dispute that Defendants breached a duty owed to him, or even if there was a breach, that such breach caused his accident or any injuries. Plaintiff cannot provide, beyond his own speculation, any evidence pertaining to his incident on or about December 23, 2015. Aside from the actual fall, Plaintiff fails to provide any evidence of how he fell or what caused his fall. "Negligence is never presumed, and the mere occurrence of an accident causing injuries is not alone sufficient to justify an inference of negligence." Rivera v. Columbus Cadet Corps of Am., 158 A.2d 62, 65 (N.J. Super. App. Div. 1960) (citations omitted). Therefore, Plaintiff fails to produce proof of negligence sufficient to preclude summary judgment.

In a light most favorable to Plaintiff, the facts establish that Plaintiff <u>believes</u> he fell inside Harrah's automatic revolving door, which he had used during his stay and on prior visits to Harrah's. (Pl. Dep. 92:1-4; 96:17-25; 102:16-23). After the incident, "[o]nce inside . . . [he] heard security call somebody to get a bucket and mop that up." (Pl. Dep. 115:1-3). Plaintiff does not know what that statement was in reference to. (Id.)."Plaintiff did not see anything on the floor inside the revolving door at any time before his incident occurred . . . . [or] anything on the ground or floor outside the revolving door where he would have had to walk to access the inside the revolving door . . . ." (Def. SMF ¶¶ 8-9). After his fall, Plaintiff contends the he felt "dampness" on his body, but he did not notice dampness or wetness inside the revolving door before his accident. However, it was wet outside of the revolving door. (Pl. Dep. 117). Plaintiff wouldn't know how long any dampness or wetness was in the area prior to his accident (Id. at 118:4-14). Plaintiff does not know "of any other source of dampness or wetness"

other than the rain that day. Finally, Plaintiff provides no expert testimony as to the condition of Harrah's floor, inside or outside, of the revolving door or Harrah's lobby.

Without more, Plaintiff cannot establish that any dangerous condition existed, nor that Harrah's was aware of any condition on its floor. At oral argument, Plaintiff argued that there are material factual issues concerning the wetness of the area where Plaintiff fell because Plaintiff heard someone yell about getting a mop and bucket. But there is no evidence concerning what area was to be mopped or that any mopping took place after that statement. In other words, Plaintiff is guessing that someone was called to mop where he fell. "An inference [of negligence] can be drawn only from proved facts and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess." Prioleau v. Kentucky Fried Chicken, Inc., 85 A.3d 1015, 1022 (N.J. App. Div. 2014), aff'd as modified and remanded, 122 A.3d 328 (N.J. 2015) (citing Long v. Landy, 171 A.2d 1, 7 (1961)). Additionally, Plaintiff's own testimony contradicts the inference that the area where he fell was wet because a mop and bucket were called for. (See Pl. Dep. at 115 (stating that, he only felt "dampness")). In fact, Plaintiff does not know whether he tripped or slipped on wetness, or why he fell. (Id. at 106:6-19).

Even if the floor was wet, and that wetness was a dangerous condition, a "proprietor generally is not liable for injuries caused by defects of which he had no actual or implied knowledge or notice, and no reasonable opportunity to discover." Brown v. Racquet Club of Bricktown, 471 A.2d 25, 30 (N.J. 1984). Plaintiff argues Defendants were on notice because another individual fell in the same area twenty (20) minutes prior to his own fall. This argument also fails to create a genuine factual dispute. The record lacks any facts that establish, to the extent someone else fell in Harrah's, that they fell inside or "basically" inside the revolving door or why they fell. At oral argument, Plaintiff could

5

not say that this person fell in the same place as him. Furthermore, in this case, Plaintiff could see where he was walking, did not notice anything on the ground, and has "[n]o idea" what he slipped on. (Id. at 110:2-9). With these facts, there is no indication (1) as to what condition caused Plaintiff's accident, (2) that any alleged condition was dangerous, and (3) that defendant was, or could have been, on notice of it. Therefore, Defendants are entitled to judgment as a matter of law.

4. Conclusion: For the forgoing reasons, as well as those expressed on the record of November 5, 2019, Defendant Harrah's Motion for Summary Judgment [Dkt. No. 32] will be granted.

An appropriate Order shall issue.

Dated: December 18, 2019

                                                  /s/ Joseph H. Rodriguez
                                            HON. JOSEPH H. RODRIGUEZ
                                                United States District Judge